Filed 3/15/24  P. v. Montez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099076 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE003182) |
| v. | |
| RONALD MONTEZ, | |
| Defendant and Appellant. | |

Defendant Ronald Montez appeals the denial of his Penal Code section 1172.6[1] petition for resentencing at the prima facie stage.  He argues the trial court's use of the stipulated factual basis for his plea amounted to impermissible discretionary factfinding, thus requiring reversal for an evidentiary hearing.  We are unpersuaded.  As we shall

---

[1]  Undesignated statutory references are to the Penal Code.  Montez filed his petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in the text.  (Stats. 2022, ch. 58, § 10.) We will refer to the statute by its current section number.

1

explain, because Montez stipulated to particularized facts at the change of plea hearing, establishing he personally stabbed and killed the victim, he cannot state a prima facie case for relief. Accordingly, we will affirm the trial court's postjudgment order denying Montez's resentencing petition.

BACKGROUND

In 2017, Montez was charged with murder (§ 187, subd. (a); count one) with an enhancement allegation that he personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)). Montez was the lone defendant, and there were no allegations concerning the involvement of others.

In April 2018, Montez resolved the case by changing his plea from not guilty by reason of insanity to a plea of guilty of second degree murder (§ 187, subd. (a)) for a stipulated prison sentence of 15 years to life. While the plea agreement did not require Montez to admit to the deadly weapon use enhancement, the stipulated factual basis for his plea as relayed by the People was that "defendant and the victim Arthur Rodriguez got into an argument. The defendant then stabbed and killed Arthur Rodriguez."

In May 2018, the trial court sentenced Montez in accordance with his plea. It does not appear Montez appealed this judgment.

Thereafter, in March 2023, Montez filed the instant form petition for resentencing under section 1172.6. The court appointed counsel, briefing ensued, and the trial court ultimately set the matter for a prima facie hearing.

The prima facie hearing occurred on July 7, 2023. Montez's attorney argued at length that an evidentiary hearing was needed because Montez's plea agreement did not establish his ineligibility as a matter of law. Rather, he reasoned that Montez's guilty plea with stipulated facts did not establish he was the only perpetrator for purposes of prima facie review because Montez did not personally admit those facts and admitting the general elements of second degree murder did not foreclose relief. The People disagreed, arguing the stipulated factual basis for the plea irrefutably established Montez stabbed

2

and killed the victim, and therefore, Montez was ineligible for relief as the actual killer. The trial court took the matter under submission.

Thereafter on July 10, 2023, the trial court issued a written order concluding Montez could not establish a prima facie case because his record of conviction, specifically the record of Montez's change of plea established he stabbed and killed the victim after an argument. Therefore, the court found, "[t]he record of conviction shows [Montez] was the actual killer, rendering him ineligible for relief under § 1172.6 as a matter of law." Accordingly, the trial court denied his petition. Montez timely appealed, filing a notice of appeal with this court in July 2023. His opening brief was filed in November 2023, and this case was fully briefed on January 18, 2024.

DISCUSSION

*Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Put simply, Senate Bill No. 1437 "narrowed the application of the felony-murder rule" and eliminated the natural and probable consequences theory as a means of murder prosecution for a killing performed by another person. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.)

Senate Bill No. 1437 also added what is now section 1172.6, which allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).) First, the trial court must determine whether the petition is facially sufficient under section 1172.6,

3

subdivision (b).  (*Lewis,* at p. 960.)  If the petition is facially sufficient, the court follows section 1172.6, subdivision (c), appointing counsel (if requested) and follows the briefing schedule set forth in the statute.  (*Lewis,* at p. 966.)  Following the completion of this briefing, the court determines whether a petitioner has made a prima facie showing that he or she is entitled to relief.  (*Ibid.*)

As our Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)

We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*Application*

Montez argues the trial court erred by engaging in prohibited factfinding at the prima facie stage.  He posits that because a guilty plea only admits the elements of the offense, and since he did not personally admit to the facts underlying the stipulated factual basis for his guilty plea, the trial court erred in relying upon that factual basis to determine he was ineligible for relief as a matter of law.  We disagree.

In reviewing the record of conviction, courts "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) However, when "the record . . . makes clear that [the petitioner] was the actual killer and the only participant in the killing," the petitioner "is not entitled to any relief under section 1172.6." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969-971 [where record of conviction "unequivocally establishes that defendant was the 'actual killer,' " the defendant is not entitled to relief under § 1172.6 as a matter of law].)[2]

The record of conviction indisputably includes the reporter's transcript of Montez's change of plea hearing, including the factual basis. (See, e.g., *People v. Das* (2023) 96 Cal.App.5th 954, 960.) Further, the stipulated factual basis for Montez's plea, that "defendant and the victim Arthur Rodriguez got into an argument. The defendant then stabbed and killed Arthur Rodriguez" conclusively establishes that Montez stabbed and killed the victim, thus making him the actual killer who was ineligible for relief. (See *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028-1030 [ineligibility for relief may be established by "express admissions at the plea colloquy"].) The cases Montez relies upon do not show differently.

*People v. Rivera* (2021) 62 Cal.App.5th 217 is distinguishable from this matter. First, it is not an actual killer case. Rather, the petitioner drove the actual shooter. (*Id*. at p. 226.) Second, *Rivera* does not concern a stipulated factual basis that included particularized facts demonstrating guilt. Instead, the petitioner's attorney stipulated that

---

[2] The unavailability of section 1172.6 relief to actual killers has been uniformly upheld by courts of this state. (*People v. Strong* (2022) 13 Cal.5th 698, 710; see, e.g., *People v. Garcia, supra*, 82 Cal.App.5th at pp. 972-973; *People v. Harden, supra*, 81 Cal.App.5th at pp. 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961-962.)

the grand jury testimony established the factual basis for his plea. (*Id*. at pp. 225-226.) However, because the evidence presented to grand jury could also be consistent with a natural and probable consequences theory of the case, the court concluded the petitioner had raised a factual issue preventing a determination that he was ineligible for relief as a matter of law. (*Id*. at pp. 238-239.) Accordingly, *Rivera* is inapposite.

Moreover, Montez's attempt to prove his admission was not an "admission for all purposes" citing, for example, *People v. French* (2008) 43 Cal.4th 36 and *People v. Hiller* (2023) 91 Cal.App.5th 335 is similarly misplaced. These cases do not address the situation here—the use by a trial court in a section 1172.6 prima facie proceeding of a stipulation to *particularized* facts supporting a guilty plea to murder in order to establish that a defendant was the actual killer and thus ineligible for section 1172.6 relief.[3]

Again, Montez's stipulation to the factual basis that he stabbed and killed the victim conclusively demonstrates his ineligibility for relief. (*People v. Fisher, supra*, 95 Cal.App.5th at pp. 1028-1030.) Montez has not established, and we refuse to adopt, a rule requiring a defendant to personally admit the truth of the particularized facts constituting the stipulated factual basis for his or her guilty plea in order for those facts to have preclusive effect in section 1172.6 proceedings.

---

[3] *French* evaluated the trial court's imposition of an upper term sentence (*People v. French, supra*, 43 Cal.4th at p. 40) and did not involve the use of any stipulated facts (see *id*. at p. 51 [attorney conceding People could present witnesses substantiating the factual basis did not admit the truth thereof]). *People v. Hiller, supra*, 91 Cal.App.5th involved a review of the prior record of conviction in order to determine whether that defendant's Oregon robbery convictions could be considered serious felonies under California (see *id*. at pp. 349-350 [nothing in record of conviction shows the defendant admitted the additional facts required to make the Washington robberies serious or violent felonies in California]).

DISPOSITION

The trial court's postjudgment order denying Montez's section 1172.6 petition for resentencing is affirmed.

                                        /s/
                                  BOULWARE EURIE, J.

We concur:

_____/s/_____
MAURO, Acting P. J.

_____/s/_____
MESIWALA, J.

7